No. 57139.—M. Aronin & Sons et al. v. United States, protests 154703–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates (except as to the merchandise described as 14 kid neck plates in case 424, entered under warehouse bond 41518, covered by protest 927926–G) are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained. In all other respects the protests were overruled.

FORD, J., concurred.

MOLLISON, J., dissented for the resaons set forth in his dissenting opinion in C. D. 1480, *supra*.

No. 57140.—Gaillet & Hartig Co., Inc. v. United States, protests 196546–K and 196547–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of cellophane sheets similar in all material respects to those the subject of *Coughlin Mfg. Co.* v. *United States* (27 Cust. Ct. 40, C. D. 1345) and *Gillette Safety Razor Co.* v. *United States* (27 Cust. Ct. 44, C. D. 1346), the claim of the plaintiff was sustained.

No. 57141.—Henry Pollak, Inc. v. United States, protest 179493–K (San Francisco).

Opinion by OLIVER, C. J. At the trial, plaintiff introduced the testimony of the customs broker who attempted to show that the articles in question are parts of table lighters not within any of the classes of merchandise contemplated by paragraph 1527 (c), *supra*. It was held that his testimony was insufficient to support a finding of fact favorable to plaintiff's claim. The record containing nothing to disturb the classification adopted by the collector, which was presumptively correct, the protest was overruled.